THORNTON, J.
Rex, a juvenile, was charged in the juvenile court of Washington County with four counts of robbery in the first degree. He appeals from an order of that court remanding him to the circuit court of Washington County for disposition as if he were an adult.
The questions presented on appeal are:
(1) Did the original remand order comply with the statutory requirement for a specific detailed written finding and the constitutional requirement of a statement of reasons?
(2) Did the juvenile court have jurisdiction to enter the amended remand order, and if so did the amended order comply with the requirements set forth in (1) above?
(3) Was the remand proper under the facts of this case?
We reserved decision in this case pending our Supreme Court’s decision in State ex rel Juv. Dept. v. Cole, 280 Or 173, 570 P2d 365 (1977), which involved the first two issues set forth above.
In order to resolve the above issues the procedural setting of this case must first be briefly set forth.
Following the hearing the juvenile judge made the following findings:
* * * *
"3. The above-named child is alleged to be within the jurisdiction of the Court by reason of the following facts:
sfc sf: ifc %
"4. The Juvenile Court jurisdiction should be waived
over the alleged offenses due to:
"a. The above juvenile is 18 years old as of January 19,1977. He was taken into custody on these charges 5 days before his 18th birthday.
"b. The above offenses are serious offenses in that all are Class A felonies; all involved premeditation *[604] and planning; all involved the use of a loaded .22 caliber pistol; and all involved other co-defendants.
"c. The above juvenile took an active role in these crimes and in fact is alleged to be the gunman in each of these four robberies.
"d. The above juvenile is not amenable to rehabilitation in facilities or programs available to the Juvenile Court.”
Approximately one hour after the instant appeal by the juvenile was filed, the juvenile judge filed an amended order nunc pro time with extensive additional findings, plus a statement of reasons.
In Cole the court indicated that if a juvenile court makes adequate oral findings, this would meet the requirements of ORS 419.533.[1]
We conclude that in the case at bar the juvenile judge’s statement at the conclusion of the hearing, together with the above findings, was sufficient to meet the requirements of ORS 419.533.[2]
*[605] We do not reach the remaining issues.
Affirmed.

ORS 419.533 in part provides:
"(1) A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:
* * * *
"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court.
"(2) The juvenile court shall make a specific, detailed, written finding of fact to support any determination under paragraph (c) of subsection (1) of this section.

In announcing its decision the juvenile court stated:
"I’m going to remand Rex and I do so with some reluctance because I have some feeling for what Mr. Littlefield [counsel for Rex] has said about the superficiality of the contacts and the direct contact with Rex. In other words, even applying under the case you cited, the title of the case — you know one-half of the equation is that the person involved — and I’m not saying that all of it is my decision, is flowing from the nonpersonal aspect, although I do take into consideration and Mr. Deits [prosecutor] compared the detailed findings based on what I’m saying now that he can supply a copy to Mr. Littlefield — I concur to begin with that, one, that rehabilitation is not only just simply what we think *[605] of in the sense of rehabilitative reclamation, it also includes both punishments and deterrents and public safety. I think those are legitimate aspects of rehabilitation and I think in this case those are some considerations that are valid. I agree with Mr. Deits as far as the seriousness of the offense and the various things that are listed. As far as the number, it wasn’t — we’re assuming this is true. I’m not saying that is true, but I’m assuming it is — if you have 4 of these offenses it’s not an impetuous thing even though there is a 4 day difference. In other words, it wasn’t on the spur of the moment that he went into a store under perhaps the influence of something but it would indicate to me, I think there is a reasonable inference that, one, that they were planning the fact, that there were more than one involved, lends support to that inference; secondly, that the gun was in fact, loaded. I don’t want to use a term like 'gunman’ but the fact that it was used by Rex or held by him at least is another factor; the age is a heavy factor as far as I’m concerned. I think I’m not taking judicial notice, I can rely on Mr. Berklund [juvenile court counselor], but I think the Juvenile Court is geared, briefly, from my experience and Mr. Berklund’s comments, that it is for persons who are less than 18 years of age and someone who is approaching that age, even though they may be retarded, I think less mature in one sense in their social capabilities, or even educational, that is the moot theory to the resource hearing. The one thing about MacLaren is that — I take Mr. Berklund’s comments at face value. I know he hasn’t documented them but I’m willing to accept his conclusionary comments that MacLaren would be reluctant to accept someone like Rex, that they normally don’t keep 18 year olds or older for very long, and I think to have any value it would have to be for a longer period of time than that. I’m not trying to say that I think Rex has to be locked up 150 years, that is not my intention, but I don’t think MacLaren is a suitable resource at all for Rex at this time.
"The other thing that I made a note of, this factor of the mother, the family home in Texas. I’m willing to believe that Rex came here not because he was engaged in criminal activities or anything like that. I’ll accept that it was simply because of the family atmosphere and I think you have a tough row to hoe as far as rehabilitation with the family split like that, with having problems of your own financially, of course, and with Rex not only say financially but also physical problems, I think poses some real restraints on the ability of the juvenile system to deal with these, so those are my basic reasons why I do believe he should be remanded over to adult court or above to adult court.
"That is the thrust of my thinking. You may not agree with it, as I say. I would prefer to have more information about Rex, quite frankly, than is available. * * *”